```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROBERT G. HERSHENHORN,

       Plaintiff,

v.                              Case No: 2:21-cv-897-JES-MRM

AMERICAN HOME ASSURANCE
COMPANY,

       Defendant.

## OPINION AND ORDER

This case comes before the Court on Defendant's Motion to Dismiss (Doc. #20), to which Plaintiff filed a Response (Doc. #22).[1] Included in Plaintiff's Response is a request that the Court "stay the case to permit the parties leave to mediate their differences." (Id. p. 16.) Defendant agrees that the parties are already in the process of scheduling an early mediation, but requests that the Court dismiss the case without prejudice pending the completion of mediation. (Doc. #20, pp. 23-24.)

---

[1] The main dispute in the motion to dismiss is whether Fla. Stat. § 627.70152 (effective July 1, 2021) should be applied retroactively to Plaintiff's Amended Complaint. At the time Defendant filed its motion and argued the statute should apply retroactively, no court had decided the issue. Since the filing, one court has. See Rosario v. Scottsdale Ins. Co., No. 21-24005-CIV, 2022 WL 196528, at *1 (S.D. Fla. Jan. 21, 2022).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). See also World of Beer Franchising, Inc. v. MWB Dev. I, LLC, No. 8:17-CV-1171-T-35MAP, 2017 WL 4297325, at *1 (M.D. Fla. June 21, 2017), aff'd, 711 F. App'x 561 (11th Cir. 2017) (denying motion for preliminary injunction without prejudice and directing parties to mediate); Hawkins v. Citimortgage, Inc., No. 8:14-CV-02810-T-33, 2014 WL 7369972, at *2 (M.D. Fla. Dec. 29, 2014) (denying motion to dismiss without prejudice and granting alternative motion to stay to allow for mediation).

Here, the Court exercises its inherent judicial discretion and grants Plaintiff's alternative request for a stay. Allowing the parties to mediate the dispute early may conserve the parties' and the Court's resources, and potentially resolve the entire matter. And, for their own reasons, both parties have already represented their desire for early mediation to the Court. A stay serves the interests of both parties, and neither party is prejudiced by the stay.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's request to stay the proceedings is **GRANTED**. This matter is **STAYED** throughout the duration of the mediation.

2. Within seven (7) days of the conclusion of mediation or sixty (60) days of this Order, whichever occurs first, the parties shall file a joint notice advising the Court of the status of mediation and the case.

3. Defendant's Motion to Dismiss (Doc. #20) is **TAKEN UNDER ADVISEMENT**.

**DONE and ORDERED** at Fort Myers, Florida, this ___15th___ day of February, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record