```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROBERT G. HERSHENHORN,

       Plaintiff,

v.                                  Case No:  2:21-cv-897-JES-MRM

AMERICAN HOME ASSURANCE
COMPANY,

       Defendant.

_____

## OPINION AND ORDER

This case comes before the Court on defendant American Home Assurance Company's (defendant or AHAC) Motion to Dismiss (Doc. #20) filed on January 20, 2022. Plaintiff Robert Hershenhorn (plaintiff or Hershenhorn) filed a Response (Doc. #22) on February 8, 2022. For the reasons set forth, the motion is **DENIED**.

### I.

Between 2016 and 2017, Hershenhorn maintained an all-risks homeowners insurance policy (the Policy) with AHAC for his property located on Spyglass Lane in Naples, Florida (the Property). (Doc. # 8, ¶¶ 1, 7.) On November 30, 2016, a fire severely damaged the Property, and Hershenhorn put AHAC on notice of the loss and damage. (Id. ¶¶ 15-16.) On September 9 and 10, 2017, Hurricane Irma caused extensive damage to the Property. (Id. ¶ 24.) Both incidences were covered losses under the Policy. (Id. ¶¶ 16, 25.)

According to Hershenshorn, AHAC has continued to delay its response to his claims, resulting in the Property not being fully repaired and still uninhabitable. (Id. ¶ 31.) "Prior to bringing this action, Hershenhorn performed or otherwise satisfied all conditions precedent to this action and coverage under the Policy." (Id. ¶ 38.) On December 3, 2021, Hershenshorn filed his operative Amended Complaint, asserting one claim for breach of the Policy. (Id. ¶¶ 41-49.) AHAC moved to dismiss the Amended Complaint, arguing that Hershenhorn failed to provide pre-suit notice of his intent to initiate litigation, pursuant to Fla. Stat. § 627.70152. (Doc. #20). The Court took the motion under advisement and stayed the action, as both parties represented a desire for early mediation. (Doc. #27). On August 11, 2022, mediation resulted in an impasse (Doc. #34), so the motion is now ripe for review.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d

1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (quotations and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

AHAC argues that the Amended Complaint should be dismissed without prejudice because Hershenhorn failed to comply with Fla. Stat. § 627.70152 prior to filing suit. Hershenhorn responds that

3

§ 627.70152 does not apply because the statute cannot be retroactively applied to his Policy and claim.

Fla. Stat. § 627.70152 was enacted on July 1, 2021 and requires an insured to give an insurer notice before suing on a property insurance policy. If the insured does not give pre-suit notice, dismissal without prejudice follows. Id.

Courts considering whether § 627.70152 applies to policies issued before the statute's enactment have overwhelmingly found that, because the statute affects substantive rights by imposing new duties on the insured, it cannot be applied retroactively. See, e.g., Dozois v. Hartford Ins. Co. of the Midwest, --- F. Supp. 3d. ----, No. 3:21-CV-951-TJC-PDB, 2022 WL 952734, at *1 (M.D. Fla. Mar. 30, 2022) (applying Menendez v. Progressive Exp. Ins. Co., 35 So. 3d 873, 874 (Fla. 2010)) ("Section 627.70152's pre-suit notice requirement imposes new duties, obligations, and penalties; therefore, it does not apply retroactively to Plaintiffs' policy, which was executed before the statute went into effect."); Williams v. Foremost Prop. & Cas. Ins. Co., No. 3:21-CV-926-MMH-JBT, 2022 WL 3139374, at *1 (M.D. Fla. Aug. 5, 2022) (following Dozois); Bharratsingh v. Lexington Ins. Co., No. 0:22-CV-60037, 2022 WL 3279537, at *1 (S.D. Fla. Aug. 10, 2022) (same) (collecting cases); but see Art Deco 1924 Inc. v. Scottsdale Ins. Co., No. 21-62212-CIV, 2022 WL 706708, at *2 (S.D. Fla. Mar.

4

9, 2022) (finding § 627.70152 procedural and dismissing case without prejudice).

Hershenhorn's policy was issued before the enactment of § 627.70152. The statute does not apply retroactively because it affects Hershenhorn's substantive rights.[1] Given the foregoing, AHAC's motion to dismiss is due to be denied.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #20) is **DENIED**.

2. The Clerk shall lift the stay.

**DONE and ORDERED** at Fort Myers, Florida, this __15th__ day of August, 2022.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[1] Because the Court is not applying § 627.70152 retroactively, the Court need not consider AHAC's other arguments or the documents attached to AHAC's motion to dismiss and Hershenhorn's response, since these go to whether Hershenhorn's pre-suit notice complied with § 627.70152.

5