```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

ROBERT G. HERSHENHORN,

      Plaintiff,

v.                            Case No:  2:21-cv-897-JES-MRM

AMERICAN HOME ASSURANCE
COMPANY,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendant American Home Assurance Company ("AHAC")'s *Motion to Stay* (Doc. #101) filed on October 16, 2024. Plaintiff Robert G. Hershenhorn ("Hershenhorn") filed a *Response in Opposition* (Doc. #106) on October 30, 2024.

For the following reasons, the motion is **GRANTED**.

## I.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). The party seeking the stay must show good cause and reasonableness. See Belloso v. Asplundh Tree Expert Co., No. 6:18-cv-460-Orl-40TBS, 2018 WL 4407088, at *2 (M.D. Fla. Sept. 17, 2018). In deciding whether a stay is suitable, courts examine several factors including "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay

1

will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." The Cloisters of Naples, Inc. v. Landmark Am. Ins. Co., No. 2:22-CV-546-JLB-KCD, 2023 WL 9850932, at *4 (M.D. Fla. Jan. 13, 2023) (citing Shire Dev. LLC v. Mylan Pharms. Inc., No. 8:12-CV-1190-T-36AEP, 2014 WL 12621213, at *1 (M.D. Fla. July 25, 2014)).

## II.

Earlier in this litigation, AHAC filed a motion to dismiss. It argued that Hershenhorn had failed to comply with the procedural requirements of FLA. STAT. § 627.70152, and so dismissal without prejudice was warranted. This Court denied the motion, reasoning that § 627.70152 affects substantive rights, and so cannot apply retroactively. (Doc. #35).

AHAC has now moved for summary judgment on the same theory. (Doc. #94). It argues further that although § 627.70152 mandates that dismissals for noncompliance be "without prejudice," FLA. STAT. § 627.70152(4), the dismissal here must be *with* prejudice, as the statute of limitations has run.

AHAC acknowledges that this Court's prior denial of AHAC's motion to dismiss may have been correct at the time. But AHAC argues that Florida's landscape has since changed. Two courts, Cole v. Universal Property & Casualty Ins. Co., 363 So. 3d 1089 (Fla. 4th Dist. Ct. App. 2023) and Cantens v. Certain Underwriters

2

at Lloyd's London, __ So. 3d __, 2024 WL 591685, *3 (Fla. 3d Dist. Ct. App. Feb. 14, 2024), have held that § 627.70152 is purely procedural, and so, applies retroactively. Two others, Hughes v. Universal Property & Casualty Ins. Co., 374 So.3d 900 (Fla. 6th Dist. Ct. App. 2023) and Buis v. Universal Property & Casualty Insurance Company, No. 2D2023-0655, 2024 WL 4096130 (Fla. 2d Dist. Ct. App. Sept. 6, 2024), have held otherwise.

The Florida Supreme Court has granted review of Hughes to resolve the split. Id., review granted by SC2024-0025, 2024 WL 1714497 (Fla. April 22, 2024). Accordingly, AHAC now moves to stay this case until the Florida Supreme Court issues its decision in Hughes. AHAC argues that a stay is warranted as that Court's decision could resolve this case, which would allow both parties to avoid the unnecessary expense and effort of preparing for trial.

Hershenhorn responds that a stay is not warranted. He emphasizes the undue burden it would impose on him.[1] This case, he notes, involves "three years of protracted litigation [over] a 2016 and 2017 homeowners insurance claim." (Doc. #106, p. 2). In the interim, he has been "displaced from his home . . . while

---

[1] Hershenhorn also tries to invoke arguments from his responses to AHAC's motion for summary judgment and AHAC's motion to dismiss (Docs. ## 22, 97). Our Local Rules clearly forbid such "incorporation by reference." M.D. Fla. Loc. R. 3.01(f). Accordingly, the Court does not consider any arguments other than those expressly stated in Hershenhorn's *Response in Opposition to AHAC's Motion to Stay* (Doc. #106).

3

[AHAC] has wrongfully withheld the insurance benefits that are necessary to complete the repairs." (Doc. #106, p. 2-3). The "mere prospect" that the Florida Supreme Court might conclude that § 627.70152 applies retroactively, he argues, is insufficient to prolong his wait for relief.

Hershenhorn relies primarily on two cases: Speer v. Whole Food Mkt. Grp., Inc., 8:14-CV-3035-T-26TBM, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) and James v. JPMorgan Chase Bank, N.A., No. 15-2424, 2016 WL 520031, at *2 (M.D. Fla. Feb. 9, 2016). He cites Speer for the proposition that "there is no basis here for a stay of the proceedings, given how close they are to completion, while [AHAC] awaits a decision from the Florida Supreme Court in Hughes." (Doc. #106, p. 5). He cites James for the proposition that "[AHAC] has done nothing to articulate any specific prejudice or undue burden that would result from allowing the case, at this late juncture, to proceed." (Id. at 6). Neither case supports the denial of AHAC's motion.

In Speer, a federal district court refused to stay a case brought under the Fair Credit Reporting Act after the U.S. Supreme Court granted certiorari in Spokeo, Inc. v. Robins, 578 U.S. 330 (2016). Speer, 2015 WL 2061665, at *1. Core to Speer's reasoning was that the law of the Eleventh Circuit had not been altered by the mere grant of certiorari in Spokeo. Id. But here, Florida law has changed since this Court's denial of AHAC's motion to dismiss.

4

Two of Florida's six district courts of appeals have held that §627.70152 applies retroactively, while two others have held to positions consonant with this Court's. Hershenhorn has not argued that those changes in the status quo ante are irrelevant to the question of what law a federal court sitting in diversity— like this Court—must apply.

In <u>James</u>, a defendant sought a *protective order* to halt discovery. 2016 WL 520031, at *1-2. The analytical framework there was thus different from the one that applies here.[2] Moreover, the defendant in <u>James</u> failed to make "any" showing of specific prejudice and undue burden. <u>Id.</u> at *2. Hershenhorn conclusorily asserts that AHAC has "done nothing to articulate any specific prejudice or undue burden." (Doc #106, p. 6). But he fails to appreciate that <u>James</u>' analytical framework does not apply here, and that unlike that defendant, AHAC has *not* "done nothing."

The Court finds that a stay is warranted because, among other things, the Florida Supreme Court's decision in <u>Hughes</u> may be instructive in resolving the parties' dispute. <u>The Cloisters of</u>

---

[2] <u>Compare</u> <u>The Cloisters of Naples, Inc.</u>, 2023 WL 9850932, at *4 (describing the three-part framework applicable to a motion to stay: "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party."), <u>with</u> <u>James</u>, 2016 WL 420031, at *1 (explaining that "courts may, for good cause, issue a protective order" (1) "to protect a party from undue burden or expense" or (2) "if a movant demonstrates good cause and reasonableness.").

5

Naples, Inc., 2023 WL 9850932, at *4 (citations omitted).

### III.

Accordingly, it is now

**ORDERED:**

1. Defendant American Home Assurance Company ("AHAC")'s *Motion to Stay* (Doc. #101) is **GRANTED**.

2. This case is **STAYED** pending the Florida Supreme Court's decision in Hughes v. Universal Property & Casualty Ins. Co., SC2024-0025 (Fla. Apr. 22, 2024).

3. The Clerk is **INSTRUCTED** to add a stay flag to the file.

4. The Parties are **DIRECTED** to file a joint status report on whether the stay is ready to be lifted on **February 5, 2025,** and every **thirty days** thereafter.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of November 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

6